UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY FRANCES ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Of Social Security,<br><br>  Defendant. | No. 2:15-cv-01954-AC<br><br><br><br>ORDER |

Plaintiff Mary Frances Anderson commenced this social security action on September 16, 2015. ECF Nos. 1-3.[1] On July 27, 2016, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, remanded the case for an immediate award of benefits, and entered judgment for plaintiff. ECF Nos. 22, 23. Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 24. The Commissioner filed an opposition to plaintiff's motion, and plaintiff filed a reply brief and declaration. ECF Nos. 26, 27, 28. In her

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 11.

reply, plaintiff construes the Commissioner's motion as an improperly noticed motion to strike, and asks for a revised briefing schedule on fees. ECF No. 27. It is the court's obligation to construe the filings of the parties, and the court finds the Commissioner's filing is properly construed as an opposition to plaintiff's motion for fees. Plaintiff's request for a revised briefing schedule is DENIED. After considering the parties' briefing and the applicable law, the court GRANTS plaintiff's motion for EAJA fees, but at a reduced rate.

The EAJA provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application

////

2

for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2] Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA, because he failed to file an invoice of hours. ECF No. 26 at 2. Plaintiff rectified that oversight with her subsequently filed declaration and attachment. ECF No. 28. Because this error was promptly cured, the undersigned declines to strike plaintiff's motion for fees on these grounds.

Plaintiff further objects to the amount of plaintiff's claimed fees as unreasonable. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[3] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on July 27, 2016. (ECF No. 23.) The judgment became a non-appealable "final judgment" 60 days later on September 25, 2016. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by October 25, 2016. Plaintiff's October 24, 2016 application is therefore timely.

[3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

1  adjustments in a particular region or city, it could have done so in the statute." Stewart v.
2  Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

3  The Commissioner does not oppose plaintiff's requested rate, but contends that the
4  requested hours are excessive. ECF No. 26 at 3-4. In this case, plaintiff submitted a timesheet,
5  with entries broken down by various tasks performed related to the case, indicating that plaintiff's
6  counsel spent 73.80 hours on this case at a cost-of-living adjusted rate of $192.68 per hour for
7  attorney fees and $130.00 per hour for paralegal fees, for a total fee request of $11,087.87. ECF
8  No. 28-2 at 5. A review of plaintiff's invoice reveals that some "no-charge" items were included
9  in the total calculation of hours, leading to an inflated bill. The correct calculation of charged
10 paralegal hours is 42.6, and the correct attorney hours is 28.2, for a total of 70.8 hours.

11 After an independent review of the time entries, the court finds the amount of time spent
12 by plaintiff's counsel to be reasonable. Though counsel's time entries are border on excessive,
13 under the circumstances of this case, which involved multiple issues, they are not unreasonable.
14 The entries contain sufficient detail and appropriately reflect the complex record in this case.
15 ECF No. 28-2. Furthermore, in light of the fact that plaintiff obtained a favorable judgment
16 remanding the case for further administrative proceedings, the amount of fees sought is consistent
17 with the result obtained.

18 However, plaintiff seeks paralegal compensation at rate of $130 per hour. Although not
19 raised in defendant's opposition, "[a]ccording to the court's own research, 'the paralegal rate
20 favored in this district is $75 per hour.'" Pehle v. Dufour, No. 2:06-cv-1889 EFB, 2014 WL
21 546115, at *7 (E.D. Cal. Feb. 11, 2014) (quoting Friedman v. California State Employees
22 Association, No. CIV. 2:00-101 WBS DAD, 2010 WL 2880148, at *4 (E.D. Ca. July 21, 2010));
23 see also Kalani v. Statewide Petroleum, Inc., No. 2:13-CV-2287 KJM AC, 2014 WL 4230920, at
24 *6 (E.D. Cal. Aug. 25, 2014) ("courts in Sacramento have repeatedly determined in recent years
25 that the prevailing hourly paralegal rate is $75"). Plaintiff, therefore, will be awarded
26 compensation for paralegal time at a rate of $75 per hour.

27 Accordingly, after the rate of paralegal compensation to a rate of $75 an hour, the court
28 will award plaintiff compensation for 70.8 hours of time expended on this action (28.2 hours of

4

1    attorney time and 42.6 hours of paralegal time), at the rates discussed above, for a total award of

2    $8,628.57 in attorney's fees.  Plaintiff's request for $118.33 in costs spent on legal research will

3    also be granted.  See Sarro v. Astrue, 725 F.Supp.2d 364, 368 (E.D. N.Y. 2010) (awarding

4    $430.17 "for computerized research services").

5        Therefore, the court will award plaintiff EAJA attorneys' fees and costs in the reduced

6    amount of $8,746.90.  The court notes that plaintiff has executed an assignment of EAJA fees to

7    plaintiff's counsel.  (ECF No. 24-3.)  However, the EAJA award must be made by this court to

8    plaintiff, and not to counsel.  See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010).  Nevertheless, if the

9    government determines that plaintiff does not owe a federal debt that qualifies for offset, payment

10   may be made in the name of plaintiff's attorney.  The court rejects plaintiff's request to command

11   the Commissioner to make the payment within 65 days.

12       Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

13       1.  Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 24) is GRANTED.

14       2.  Plaintiff is awarded attorneys' fees in the total amount of $8,746.90 pursuant to the

15           EAJA.  If the government determines that plaintiff does not owe a federal debt that

16           qualifies for offset, payment may be made in the name of plaintiff's attorney.

17       IT IS SO ORDERED.

18   DATED: July 25, 2017

19

20                             ALLISON CLAIRE
                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28